UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60202-CV-COHN

THE CONTINENTAL GROUP, INC.,

Magistrate Judge Seltzer

    Plaintiff,

vs.

KW PROPERTY MANAGEMENT, LLC d/b/a KW
PROPERTY MANAGEMENT AND CONSULTING, LLC;
KW HOLDING ONE, LLC d/b/a KW PROPERTY
MANAGEMENT AND CONSULTING, LLC; THE GRAND
PRESERVE AT NAPLES LLC d/b/a KW PROPERTY
MANAGEMENT AND CONSULTING, LLC; and
MARCY KRAVIT,

    Defendants.
_____/

## **ORDER GRANTING IN PART MOTIONS TO CLARIFY AND MOTION TO COMPEL**

THIS CAUSE is before the Court upon Plaintiff's Expedited Motion for Further Clarification of the Court's Orders to Expedite Discovery [DE 28], Defendants' Response to Plaintiff's Motion [DE 30], Defendants' Motion for Temporary Relief from the Court's Orders [DE 31] and Plaintiff's Expedited Motion to Compel KW Defendants to Comply with the Court's Order to Produce for Imaging Certain Portable Computers and Electronic Devices, and to Compel Further Compliance with the Court's Order Regarding Expedited Discovery [DE 32]. The Court has carefully considered the filings and is otherwise fully advised in the premises.

On February 17, 2009, this Court granted in part Plaintiff The Continental Group, Inc. ("Plaintiff" or "TCG") motion for expedited discovery from Defendants KW Property Management ("KW") and related entities and Defendant Marcy Kravit. On February 18,

2009, the KW Defendants moved to clarify and amend parts of that order. The Court granted in part that motion, initially limiting the expedited discovery to "Confidential -- Attorneys Eyes Only," directing Plaintiff's counsel to provide to KW Defendants' counsel a copy of the keyword search to be performed by Plaintiff's computer forensic expert, and directing the parties' counsel to cooperate to filter out and not produce documents or images to which an attorney-client or work product privilege is asserted in good faith [DE 24].

The parties have been unable to cooperate to effect the imaging of the portable devices by today's deadline. The Court's Orders perhaps were unclear whether the filtering out of attorney client privileges documents applied to just the forensic word searching of the KW servers (to be done next week), or also to the portable computers to be imaged by today. Defendants believed such filtering was to apply to the portable devices and that the imaging should be escrowed until the filter process was agreed upon. Plaintiff believes the imaging of the portable devices was to be done by today. The parties were unable to agree to a filtering protocol by today's deadline for imaging of the portable devices.

Upon reviewing the filings of all parties received to date, the Court directs that the KW portable electronic devices currently located at Attorney Franklin Zemel's Fort Lauderdale law office at Arnstein & Lehr be imaged at that location at a time of Plaintiff's choosing on Monday or Tuesday between 9am and 5pm. At the completion of the imaging, Defendants can then perform their own search to determine whether any information on those devices are privileged, create a privilege log and serve it

2

upon Plaintiff's counsel.  The fact that Plaintiff has possession of the images taken off the portable devices, which are subject to Confidential -- Attorney's Eyes Only classification, shall not be deemed to waive any attorney-client privilege should Defendants discover privileged material.  Defendant shall serve a privilege log, if any, with respect to these two portable devices, upon Plaintiff's counsel by 4:00pm on Friday, February 27, 2009.[1]

Turning next to the issue of the forensic word search for the KW servers, for this issue the parties must cooperate to include a filtering of privileged material.  In this regard, Plaintiff is correct that Defendants must propose a specific filtering protocol with the identity of any counsel who might have engaged in communications with these Defendants, and other terms which might indicate a potentially privileged communication, because this information is uniquely in the possession of the KW Defendants.  Defendants shall propose such a specific protocol by 12 noon on Tuesday, February 24, 2009.  The parties shall cooperate to finalize the word search and filtering protocol by close of business on Wednesday, February 25, 2007, in order for the searching and filtering to be completed by February 27, 2009.[2]

---

[1] The fact that this procedure means that Plaintiff's counsel will have a few days to view the images which may contain privileged material is not prejudicial to Defendants.  Had Defendants proposed a specific filtering protocol before today's deadline, rather than a procedure to simply "escrow" the images prior to filtering, this situation would have been avoided.

[2] Should the parties fail to resolve these matters, Magistrate Judge Seltzer is authorized to amend these deadlines, keeping in mind that the purpose of the expedited discovery is to prepare for the preliminary injunction hearing on Friday, March 13, 2009.

Plaintiff also requests that the key word search terms themselves and the results of that search be accorded "Confidential -- Attorney's Eyes Only" restrictions.  The Court had previously granted Defendants' request that drafters or recipients of emails could review such material.  Clearly this dispute centers around Defendants' ability to prepare its witnesses to testify regarding emails that the witness drafted or received which may contain Plaintiff's proprietary information.  Whether Defendants' counsel can actually show that document to the witness or could describe the substance of potential questions is not a sufficient difference to this Court to merit changing the prior ruling.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Expedited Motion for Further Clarification of the Court's Orders to Expedite Discovery [DE 28] is hereby **GRANTED in part**, as described above;

2. Defendants' Motion for Temporary Relief from the Court's Orders [DE 31] is hereby **DENIED as moot**;

3. Plaintiff's Expedited Motion to Compel KW Defendants to Comply with the Court's Order to Produce for Imaging Certain Portable Computers and Electronic Devices, and to Compel Further Compliance with the Court's Order Regarding Expedited Discovery [DE 32] is hereby **GRANTED in part**, as described above.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 20th day of February, 2009.

_____
JAMES I. COHN
United States District Judge

Copies furnished to:

Joan Canny, Esq./Jason Nickerson, Esq.

Franklin Zemel, Esq.

Frank Simone, Esq.

Gary Pollack, Esq.