UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  09-60202-CV-COHN

THE CONTINENTAL GROUP, INC.,

Magistrate Judge Seltzer

      Plaintiff,

vs.

KW PROPERTY MANAGEMENT, LLC d/b/a KW
PROPERTY MANAGEMENT AND CONSULTING, LLC;
KW HOLDING ONE, LLC d/b/a KW PROPERTY
MANAGEMENT AND CONSULTING, LLC; THE GRAND
PRESERVE AT NAPLES LLC d/b/a KW PROPERTY
MANAGEMENT AND CONSULTING, LLC; and
MARCY KRAVIT,

      Defendants.

_____/

## OMNIBUS ORDER

THIS CAUSE is before the Court upon Plaintiff's Emergency Request for Status

Conference [DE 71], Plaintiff's Expedited Application to Allow Disclosure of Discovery

Produced to Certain Employees of Plaintiff [DE 52], KW Defendants' Motion to Strike [69],

Plaintiff's Motion to Compel Production from Defendant Kravit [DE 54], Plaintiff's

Supplement to its Motion to Compel Production from Defendant Kravit [DE 67],

Defendant Kravit's Motion for Expedited Discovery [DE 56], Plaintiff's Supplement [DE 66]

thereto, Defendants' Motion for Court to Expedite Resolution of Subject Matter

Jurisdiction, or in the Alternative, Adjourn hearing on Motion for Preliminary Injunction

Pending Resolution of the Motion to Dismiss [DE 78] and Motion to Admit Bretton Pollack

pro hac vice [DE 86].  The Court has carefully considered the motions and related filings

and has heard the argument of counsel at a hearing held on March 9, 2009.  This Order

serves to memorialize the oral rulings made by the Court at the end of the hearing.

In addition to those rulings, listed below, the Court has considered the KW Defendants' cross-motion for limited discovery [DE 22, ¶ 5], Plaintiff The Continental Group's ("Plaintiff" or "TCG") response [DE 35], Defendants' reply [DE 44], and Plaintiff's sur-reply [DE 49-2].  The KW Defendants seek their own expedited discovery on factual issues regarding Marcy Kravit's authority to use her TCG computer, whether TCG's computer system is a "protected computer" under the Computer Fraud Abuse Act ("CFAA") (Count I), and also whether TCG has a legitimate business interest in enforcing its restrictive covenants with Defendant Kravit (state law claim).  A protected computer under the CFAA is one that affects interstate commerce, which Plaintiff asserts means it must access the Internet, which its computer system does, and which it alleges Defendant Kravit must have done to remotely access TCG servers via her laptop.  The KW Defendants assert that the computer system only connects TCG offices within the state of Florida and does not affect interstate commerce.  As there is no diversity in this case, Defendants argue that if the CFAA claim fails, this Court lacks subject matter jurisdiction.

Plaintiff argues that its Verified Complaint at a minimum creates a factual issue at the motion to dismiss stage as to subject matter jurisdiction as the merits of its CFAA claim are inextricably intertwined with the subject matter jurisdiction question, therefore making any discovery request irrelevant for purposes of the preliminary injunction hearing.  In its Complaint, Plaintiff alleges that Defendant Kravit, acting individually and as an agent of the KW Defendants, exceeded her authorization to access TCG's

protected computer in violation of 18 U.S.C. § 1030(a)(2)©, for which a civil action is provided at 18 U.S.C. §1030(g).  A "protected computer" is defined as one affecting interstate or foreign commerce or communication.  18 U.S.C. § 1030(e)(2)(B).

This Court concludes that the issues of whether Defendant Kravit exceeded her authority or whether TCG's computer is a "protected computer" under the CFAA are elements of the claim rather than simply jurisdictional facts.  Thus, under Garcia v. Copenhaver, 104 F.3d 1256 (11th Cir. 1997), the determination of these intertwined elements of the claim are for a jury to decide,[1] rather than the Court on a subject matter jurisdiction attack.  Cf. Scarfo v. Ginsburg, 175 F.3d 957, 961 (11th Cir. 1999).

Defendants are therefore not entitled to expedited discovery.  Plaintiff will have to prove the likelihood of success on the merits of its claim at the preliminary injunction hearing.   The Court will analyze whether Plaintiff has met all elements of its claim at that time.  Defendants will have the opportunity to cross-examine Plaintiff's witnesses at the hearing on these elements.[2]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.     Plaintiff's Expedited Application to Allow Disclosure of Discovery Produced to

---

[1]  Of course, because Plaintiff is seeking a preliminary injunction, the Court will end up making a preliminary determination of whether Plaintiff has a likelihood of success on the merits of its claims.

[2]  Defendants' request for discovery regarding the "legitimate business interests" of TCG in its trade secrets relating to the state law breach of contract (restrictive covenant) claim also can be delayed until after the preliminary injunction hearing. As with the CFAA claim, Plaintiff will have to prove all elements of its claims to obtain an injunction, with Defendants able to cross-examine the witnesses in support of those elements.

Certain Employees of Plaintiff [DE 52] is hereby **GRANTED** as to the five named individuals, but is limited to the TCG confidential information found on all KW computers and servers of any size (thus not including proprietary information of KW that has no bearing on the TCG information);

2.  KW Defendants' Motion to Strike [69] Plaintiff's Motion is hereby **DENIED;**

3.  Plaintiff's Motion to Compel Production from Defendant Kravit [DE 54] is hereby **GRANTED**, though counsel for KW Defendants shall have until March 17 to review the information (including the I-phone and Blackberry Hybrid Information) for privilege prior to its production to Plaintiff;

4.  Going forward, Plaintiff and Defendant Kravit shall continue to be bound by their production agreement, with the opportunity for counsel for all Defendants to review information for privilege prior to the turning over of documents to Plaintiff;

5.  Plaintiff's request for access to files and data on the KW Defendants' privilege log or submission of the data for an in camera review is hereby **DENIED**;

6.  Defendant Kravit's Motion for Expedited Discovery [DE 56] is hereby **GRANTED** in part as to the deposition of Turner Billups, and **DENIED** in part as to the other requests;

7.  KW Defendant's cross-motion for limited discovery [DE 22, ¶ 5] is hereby **DENIED**;

8.  Defendants' Motion for Court to Expedite Resolution of Subject Matter Jurisdiction, or in the Alternative, Adjourn hearing on Motion for Preliminary Injunction Pending Resolution of the Motion to Dismiss [DE 78] is hereby

4

**DENIED**;

9.     Motion to Admit Bretton Pollack pro hac vice [DE 86] is hereby **GRANTED**;

10.    The hearing on the Motion for Preliminary Injunction is continued until Thursday,

March 26, 2009 at 9:00am;

11.    Plaintiff's reply in support of its Motion for Preliminary Injunction is now due

Monday, March 16, 2009.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County,

Florida, on this 11th day of March, 2009.

JAMES I. COHN
United States District Judge

Copies furnished to:

 counsel of record on CM/ECF

5