IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:09-60202-CIV-COHN-SELTZER

THE CONTINENTAL GROUP, INC.
A Florida Corporation,

       Plaintiff,

v.

KW PROPERTY MANAGEMENT, LLC d/b/a KW PROPERTY MANAGEMENT AND CONSULTING, LLC, a Florida Limited Liability Company; KW HOLDING ONE, LLC d/b/a KW PROPERTY MANAGEMENT AND CONSULTING, LLC, a Florida Limited Liability Company; THE GRAND PRESERVE AT NAPLES LLC d/b/a KW PROPERTY MANAGEMENT AND CONSULTING, LLC, a Florida Limited Liability Company; and MARCY KRAVIT, an individual,

       Defendants.
_____/

### KW DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO KW DEFENDANTS' MOTION TO DISMISS

       Defendants, KW PROPERTY MANAGEMENT, LLC, KW HOLDING ONE, LLC, and THE GRAND PRESERVE AT NAPLES LLC (collectively referred to as "KW"), by and through their undersigned counsel, file this their Reply to Plaintiff's Response to KW Defendants' Motion to Dismiss, and in support thereof state as follows:

**I.**    **The Legislative History and Legislative Intent of the CFAA Do Not Support CONTINENTAL's Interpretation of the CFAA**

       An examination of the legislative history and the legislative intent of the Computer Fraud and Abuse Act (hereinafter "CFAA"), 18 U.S.C. § 1030, clearly demonstrates that the set of facts

8385290.1

1

presented in the instant case are not such that state a claim under the CFAA is warranted. Federal courts interpreting the CFAA, and a very similar statute, the Stored Wire and Electronic Communications and Transaction Records Access Act (hereinafter "SECA"), 18 U.S.C. § 2701[1,2], have held that the general purpose of these statutes is to create a cause of action against computer hackers. *Int'l Ass'n of Machinists & Aerospace Workers v. Werner-Masuda*, 390 F.Supp.2d 479, 495 (D. Md. 2005); *see also In re America Online, Inc.*, 168 F.Supp.2d 1359, 1370 (S.D. Fla. 2001) (looking to legislative history and finding that the phrase "without authorization" in the CFAA "contemplate[s] a situation where an outsider, or someone without authorization, accesses a computer"); *see also* S. Rep. No. 101-544, at 4-5 (1990) (indicating that a civil cause of action was created under the CFAA to address damage and loss as a result of serious computer abuse, such as transmission of computer viruses and worms); *see also* S. Rep. No. 99-432, at 4 (providing that the CFAA was not intended to be a sweeping federal statute, but rather aimed at deterring and punishing certain high-tech crimes). CONTINENTAL alleges that "its computer system is password protected and is provided only to those employees with a need to utilize those systems in the performance of their work for [CONTINENTAL]," and Kravit already had authorized access to CONTINENTAL's "confidential, proprietary and trade secret information and other valuable information belonging to [CONTINENTAL]" *See* Complaint at ¶¶ 30 and 20. Furthermore, CONTINENTAL alleges that Kravit did not delete or destroy anything, rather only accessed CONTINENTAL's computers ***during*** her employment with

---

[1] § 2701(a) of SECA provides that:
> Whoever (1) intentionally accesses without authorization a facility through which an electronic communication service is provided; or (2) intentionally exceeds an authorization to access that facility; and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system shall be punished as provided in subsection (b) of this section.

[2] Like the CFAA, SECA is a criminal statute that provides a civil cause of action.

CONTINENTAL. Thus, Kravit is not the type of defendant which the CFAA, a criminal statute, was intended to apply.

The CFAA prohibits only unauthorized access, or access in excess of authority, not misappropriation or disclosure of information. See *Id.* at 496 (discussing that SECA prohibits only unauthorized access and not the misappropriation or disclosure of information, thus there is no violation of SECA for a person with authorized access to the database no matter how malicious or larcenous his intended use of that access). The sort of trespasses to which the CFAA and SECA apply are "those in which the trespasser gains access to information to which he is not entitled to see, not those in which the trespasser uses the information in an unauthorized way." *Id.* (quoting *Ed. Testing Serv. v. Stanley H. Kaplan Ed. Center, Ltd.*, 965 F.Supp. 731, 740 (D. Md. 1997)). CONTINENTAL does not allege, nor could it, that Kravit was a hacker or outsider, who, without authorization, gained access to CONTINENTAL's information. CONTINENTAL does not allege that at the time Kravit accessed information from CONTINENTAL's computers her authorization had been revoked. Rather, CONTINENTAL merely argues in its Response to KW's Motion to Dismiss that Kravit accessed the information *prior* to her resignation for purposes contrary to those outlined in CONTINENTAL's written policies. However, the allegation that Kravit improperly *used* CONTINENTAL's information is not enough to sustain a claim under the CFAA.

In *Ed. Testing Serv.*, the Court rejected the very same argument advanced by CONTINENTAL – that Kravit violated the CFAA by exceeding the authorization embodied in CONTINENTAL's policies. 965 F.Supp. 731 (applying SECA). In *Ed Testing Serv*., the court held that even if the employer's confidentiality provisions were violated, the violation resulted from the unauthorized *use* of the information, *not* from exceeding any authorized access. *Id.* at

8385290.1

3

740. Similarly, in *Int'l Ass'n of Machinists & Aerospace Workers*, the court held that even though the defendant may have breached the agreement with the plaintiff by ***using*** the information obtained for purposes contrary to the policies established by the plaintiff, it does not follow that the defendant was not authorized to ***access*** the information, or that the defendant did so in excess of her authorization in violation of SECA or the CFAA. 390 F.Supp.2d at 498. The court in *Int'l Ass'n of Machinists & Aerospace Workers* distinguished *Shurguard Storage Centers, Inc. v. Safeguard Self Storage, Inc.*, 119 F.Supp.2d 1121, 1125 (W.D. Wash. 2000), and refused to follow its broader interpretation of the CFAA because the statutory interpretations, the legislative history, and the fact that the CFAA is primarily a criminal statute dictate that the CFAA should be construed narrowly. *Id.* at 499.

The CFAA does not prohibit the unauthorized ***use*** of information, but rather unauthorized ***access***, nor does the CFAA proscribe authorized access for unauthorized or illegitimate purposes. *Id.* As the court in *Int'l Ass'n of Machinists & Aerospace Workers* stated,

> Perhaps best illustrating this point is the fact that in 1986 Congress amended the CFAA to substitute the phrase 'exceeds authorized access' for the phrase 'or having accessed a computer with authorization, uses the opportunity such access provides for purposes to which such authorization does not extend.' By enacting this amendment, and providing an express definition for 'exceeds authorized access,' the intent was to eliminate coverage for authorized access that aims at purposes to which such authorization does not extend, thereby removing from the sweep of the statute one of the murkier grounds of liability, under which a person's access to computerized data might be legitimate in some circumstances, but criminal in other (not clearly distinguishable) circumstances that might be held to exceed his authorization.

*Id.* at 499 n. 12 (citing S. Rep. No. 99-432, at 9, U.S. Code Cong. & Admin. News 1986, pp. 2479, 2486 and S. Rep. No. 99-432, at 21, US. Code Cong. & Admin. News 1986, pp. 2479, 2494-95).

CONTINENTAL cannot overcome the fact, supported by its own allegations, that Kravit was authorized to access the information contained in CONTINENTAL's computers, such as the "green" initiative and the hurricane preparedness materials, and that at the time she was allegedly accessing the information for purposes other than those stated in CONTINENTAL's policies, her access had not been revoked. Thus, CONTINENTAL's CFAA claim should be dismissed as a matter of law.

## II. CONTINENTAL Has Failed to Allege Any Facts that Would Tend to Establish that Kravit Became an Agent of KW Prior to Resigning From CONTINENTAL[3]

CONTINENTAL has not alleged any facts that support that KW induced or encouraged Kravit to obtain CONTINENTAL's information while she was still employed by CONTINENTAL. Plaintiff cites to two cases in its Response to KW's Motion to Dismiss, *Shurguard Storage Centers*, Inc, 119 F.Supp.2d 1121, and *Southeastern Mechancial Serv, Inc. v. Brody*, No. 8:08-CV-1151-T-30EAJ, 2008 WL 4613046 (M.D. Fla. Oct. 15, 2008) for the proposition that a blanket statement alleging that Kravit was acting as an agent for KW is enough to defeat a motion to dismiss for failure to state a claim as to KW. However, in both of the cases cited by CONTINENTAL, the plaintiffs alleged that there were e-mails between the new employer and the former employee ***during*** the former employee's tenure with the former employer indicating that the new employer was encouraging the former employee to obtain information from the former employer and give it to the new employer. *See Shurguard Storage Centers, Inc.*, 119 F.Supp.2d at 1122 (the plaintiff alleges that the former employees, while still working for the plaintiff, used the plaintiff's computers to send trade secrets to the defendant via

---

[3] To the extent that CONTINENTAL addressed its Motion for Preliminary Injunction in its response to KW's Motion to Dismiss, it should be noted that CONTINENTAL is not likely to succeed on the merits of its CFAA claim against KW because CONTINENTAL is relying on circumstantial evidence, specifically "timing." *See* DE 93 at 54. In order to defeat a motion for summary judgment, and thus, in order to win on the merits of its case, CONTINENTAL's circumstantial evidence must be ***specific*** and ***substantial***. *Allied N. Am. Ins. Brookerage Corp. of California v. Woodruff-Sawyer*, No. C 04-2527 MJJ, 2005 WL 2354119, at *4 (N.D. Cal. Sept. 26, 2005) (citing *Coghlan v. American SeaFoods Co. LLC*, 413 F.3d 1090, 1095 (9th Cir. 2005).

e-mail); *see also Southeastern Mechanical Serv., Inc.*, 2008 WL 4613046, at *14 (at the new employer's urging, the former employees e-mailed the plaintiff's profit margins, information about current customers, and information about potential customers). CONTINENTAL has not alleged that Kravit sent e-mails or any other communications to KW containing CONTINENTAL's information during her employment with CONTINENTAL. Nor has CONTINENTAL alleged that there were any communications between Kravit and KW whereby KW encouraged Kravit to take CONTINENTAL's information and turn it over to KW.

Aside from blanket statements that Kravit was acting as an agent for KW, CONTINENTAL has not alleged any facts that tend to show that Kravit was acting as an agent for KW while she was *still* employed by CONTINENTAL. Thus, all claims against KW for violation of the CFAA must be dismissed as a matter of law, even if the Court finds that CONTINENTAL sufficiently pled that Kravit violated the CFAA.

### III.    Plaintiff has Not Adequately Pled That it Has Suffered Any "Loss" or "Damage"

Plaintiff relies on *Frees, Inc. v. McMillian* for the proposition that "the cost of hiring an expert to investigate the computer *damage* is clearly a reasonable cost sufficient to constitute loss under the CFAA." No. 05-1979, 2007 WL 2264457, at * 3 (W.D. La. Aug. 6, 2007) (emphasis added). However, as the court in *Frees, Inc.* stated, "loss" means a cost of investigating or remedying *damage* to a computer, or a cost incurred because the computer's *service was interrupted*. *Id.* As explained in more detail in KW's Motion to Dismiss, Plaintiff has not sufficiently alleged that it suffered *any* damage. Plaintiff does not allege that Kravit deleted any information from CONTINENTAL's computers. Plaintiff merely alleges that Kravit copied information from its computer system, but copying alone is not enough to constitute damage under the CFAA. *See Lockheed Martin Corp.*, NO. 6:05-CV-1580-ORL-31, 2006 WL

2683058, at *8 (M.D. Fla. Aug. 1, 2006); *see also Resdev, LLC v. Lot Builders Ass'n Inc.*, No. 6:04-cv-1374-Orl-31 DAB, 2005 U.S. Dist. LEXIS 19099, at *13 n.3 (M.D. Fla. Aug. 10, 2005); *see also Worldspan, L.P. v. Orbitz*, LLC, No. 05 C 5386, 2006 WL 1069128, at * 5 (N.D. Ill. Apr. 19, 2006).

Further, Plaintiff has failed to allege that it suffered an interruption in service because of Kravit's alleged actions. Plaintiff also fails to acknowledge that this Court, in *Heath Cohen v. Gulfstream Training Academy, Inc.*, concluded that any loss ***must*** be related to an interruption in service. 07-60331-CIV-COHN/SELTZER, 2008 U.S. Dist. LEXIS 29027, at * 12 (S.D. Fla. Apr. 9, 2008). This Court also held that simply copying files does not constitute a loss because of interruption of service. *Id.*

CONTINENTAL argues that the cost of their expert's investigation is enough to constitute "loss" under the CFAA. However, as demonstrated by case law in this district as well as case law cited to by CONTINENTAL, the cost of CONTINENTAL's investigation is not enough to constitute a loss under the CFAA because CONTINENTAL has not alleged that it suffered any damage or interruption in service. As such, CONTINENTAL's CFAA claims must be dismissed because it has not adequately pled that it suffered the minimum jurisdictional amount of "damage" or "loss" as defined in the CFAA.

**IV.     The Claims Against KW HOLDING ONE, LLC and THE GRAND PRESERVE AT NAPLES, LLC Should be Dismissed**

Plaintiff names KW HOLIDNG ONE, LLC and THE GRAND PRESERVE AT NAPLES, LLC as Defendants to the instant lawsuit, merely because KW HOLDING ONE, LLC and THE GRAND PRESERVE AT NAPLES, LLC owned the registered fictitious name of KW PROPERTY MANAGEMENT AND CONSULTING. However, Plaintiff does not allege that KW HOLDING ONE, LLC or THE GRAND PRESERVE AT NAPLES, LLC committed any

violations of the CFAA or tortiously interfered with Plaintiff's contractual relations. Thus, these entities should not be parties to the instant action, and CONTINENTAL's Complaint as to these entities should be dismissed as a matter of law.

## V. Conclusion

For all the reasons discussed above, and for all the reasons discussed in KW's Motion to Dismiss, CONTINENTAL's Verified Complaint for Injunctive Relief and Damages must be dismissed for lack of subject matter jurisdiction and failure to state a claim.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        **ARNSTEIN & LEHR LLP**
        *Counsel for Defendants KW Property*
        *Management, LLC, KW Holding One, LLC*
        *and The Grand Preserve at Naples LLC*
        200 East Las Olas Blvd
        Suite 1700
        Fort Lauderdale, Florida  33301
        Phone: (954) 713-7600
        Fax: (954) 713-7700
        Email: flzemel@arnstein.com

        By: /s/ Franklin L. Zemel, Esquire
            Franklin L. Zemel
            Florida Bar No. 816620

**THE CONTINENTAL GROUP, INC. V. KW PROPERTY MANAGEMENT, LLC et al.
09-CV-60202-COHN-SELTZER**

**SERVICE LIST**

**Jason Robert Nickerson, Esq.**
**Joan Marie Canny, Esq.**
Counsel for Plaintiff
MORGAN LEWIS & BOCKIUS LLP
200 South Biscayne Boulevard
Suite 5300 Wachovia Financial Center
Miami , FL 33131-2339
Telephone: 305-415-3384
Facsimile: 877-432-9652
Email: jnickerson@morganlewis.com
           jcanny@morganlewis.com


**Frank Christopher Simone, Esq.**
SHERMAN LAW OFFICES
1000 Corporate Drive, Suite 310
Fort Lauderdale , FL 33334
Telephone: 954-489-9500
Facsimile: 954-489-9531
Email: fcs@shermanlegal.com


**Gary William Pollack, Esq.**
GARY W. POLLACK, P.A.
1  S.W. 3rd Avenue, Suite 1260
Miami, Florida 33131
Telephone: (305) 373-9676
Facsimile: (305) 373-9679
E-mail: hopeylaw2112@gmail.com


**Franklin L. Zemel, Esq.**
ARNSTEIN AND LEHR LLP
200 East Las Olas Blvd. Suite 1700
Ft. Lauderdale, Florida 33301
Telephone:  (954) 713-7600
Facsimile:  (954) 713-7710
E-mail: flzemel@arnstein.com

8385290.1

10