IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:09-60202-CIV-COHN-SELTZER

THE CONTINENTAL GROUP, INC.
A Florida Corporation,

       Plaintiff,

v.

KW PROPERTY MANAGEMENT, LLC d/b/a KW PROPERTY MANAGEMENT AND CONSULTING, LLC, a Florida Limited Liability Company; KW HOLDING ONE, LLC d/b/a KW PROPERTY MANAGEMENT AND CONSULTING, LLC, a Florida Limited Liability Company; THE GRAND PRESERVE AT NAPLES LLC d/b/a KW PROPERTY MANAGEMENT AND CONSULTING, LLC, a Florida Limited Liability Company; and MARCY KRAVIT, an individual,

       Defendants.
_____/

## KW'S ***EXPEDITED*** MOTION TO DISSOVLE OR MODIFY PRELIMINARY INJUNCTION

Defendant, KW PROPERTY MANAGEMENT (hereinafter "KW"), by and through its undersigned counsel, file this its Motion to Dissolve or Modify Preliminary Injunction, and in support thereof states as follows:

### Introduction

Injunction orders are always subject to modification because of changed conditions. *U.S. v. Swift & Co.*, 286 U.S. 106, 114 (1932). A district court's decision to dissolve or modify an injunction is reviewed for abuse of discretion. *Dillard v. Baldwin County Comm.*, 376 F.3d 1260, 1264 (11th Cir. 2004). It is an abuse of discretion for the district court not to make modifications

8459312.3

1

required by applicable law. *Id.* Thus, an injunction must be modified if it later turns out that one or more of the restrictions placed upon a party has become impermissible under the law. *Ensley Branch, NAACP v. Seibels*, 31 F.3d 1548, 1563 (11th Cir. 1994)(quoting *Rufo v. Inmates of Suffolk County Jail,* 112 S.Ct. 748, 762 (1992)). In the instant case, the injunction against KW should be modified because there are changed circumstances, namely, KW terminated Kravit on April 24, 2009 and cannot be deemed to be acting in concert with, or otherwise assisting, aiding, or abetting, Kravit to breach her non-compete agreement or injunction. Further, the injunction against KW is overbroad and unsupported by evidence of unfair or unlawful competition, ***especially*** where TCG is free to openly compete against KW without restriction.

## Argument

On March 26, 2009 and April 2, 2009, a hearing regarding Plaintiff's Motion for Preliminary Injunction was held. On April 22, 2009, the Court issued Findings of Fact and Conclusions of Law along with an Order Granting in Part Motion for Preliminary Injunction (hereinafter the "Order") [DE 150]. KW respectfully requests this Court either (a) dissolve the preliminary injunction that prohibits KW from competing with TCG because of changed circumstances, namely, KW exercised its rights under its employment agreement with Kravit and terminated Kravit on April 24, 2009, or (b) at a ***minimum***, modify the injunction against KW to enjoin KW from assisting Kravit in violating her injunction, which restrains her from competition with TCG in the tri-county area.

In its Order, the Court concluded that even if there were competent evidence to support relief based on tortious interference with customer relations, "it would be improper to base an injunction on customer interference." *See* Order at 3. Yet, the Court granted the very relief which it stated would be improper to grant – an injunction prohibiting ***KW*** from competing with any

existing TCG business, wherever located, while permitting TCG to compete against KW without restriction. The Court enjoined KW from competing with TCG despite the fact that KW did not have an opportunity to present evidence regarding Plaintiff's tortious interference with customer relations claim. In its Order, the Court acknowledged that the tortious interference claim was beyond the stipulated scope of the preliminary injunction hearing. *See* Order at 2-3. Further, it is not clear what the legal basis was for the Court's imposition of such an injunction, nor was there any evidence to support an injunction against KW that goes beyond binding KW to Kravit's injunction.

Fed. R. Civ. P. 65(d) permits KW to be bound by Kravit's injunction *if* KW is acting in concert with Kravit to breach her non-compete agreement with TCG or her injunction. Thus, KW acknowledges that it could be enjoined from encouraging, aiding, or abetting Kravit from breaching her non-compete agreement or her injunction. *See West Shore Rest. Corp. v. Turk*, 101 So.2d 123, (Fla. 1958)(holding that "a stranger to a covenant may be enjoined from aiding and abetting the covenanter in violating his covenant.") But, KW should not be enjoined other than to the extent of being bound to ***Kravit's*** injunction. Kravit's injunction prohibits her from competing against TCG in the tri-county area, so KW may be enjoined from assisting Kravit to compete in the tri-county area. However, KW cannot be enjoined beyond the extent of being bound to Kravit's injunction, as Rule 65(d) contemplates., Further, as of April 24, 2009, KW terminated Kravit, and can no longer be deemed to be encouraging, aiding, or abetting Kravit to breach her non-compete agreement with TCG, or her injunction. *See* Declaration of Robert White attached as Exhibit "A" hereto.

WHEREFORE the KW, by and through undersigned counsel, respectfully requests this Honorable Court, on an expedited basis, dissolve the injunction imposed on KW which enjoins it

from competing with TCG for two years now that KW has terminated Kravit, and given the fact that there is no evidence to support a ban on competition with TCG, or, in the alternative, modify the injunction to bind KW to Kravit's injunction as Rule 65(d) contemplates.

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(3)**

Pursuant to S.D. Fla. L.R. 7.1(A)(3), the undersigned counsel contacted Plaintiff's counsel two days ago about the issues raised in this Motion, but Plaintiff's counsel has not had the opportunity to respond to Defendant's counsel as of the time of this filing.

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**ARNSTEIN & LEHR LLP**
*Counsel for Defendants KW Property Management, LLC, KW Holding One, LLC and The Grand Preserve at Naples LLC*
200 East Las Olas Blvd
Suite 1700
Fort Lauderdale, Florida  33301
Phone: (954) 713-7600
Fax: (954) 713-7700
Email: flzemel@arnstein.com

By: /s/ Franklin L. Zemel, Esquire
     Franklin L. Zemel
     Florida Bar No. 816620

8459312.3

4

**THE CONTINENTAL GROUP, INC. V. KW PROPERTY MANAGEMENT, LLC et al.
09-CV-60202-COHN-SELTZER**

**SERVICE LIST**

**Jason Robert Nickerson, Esq.**
**Joan Marie Canny, Esq.**
Counsel for Plaintiff
MORGAN LEWIS & BOCKIUS LLP
200 South Biscayne Boulevard
Suite 5300 Wachovia Financial Center
Miami , FL 33131-2339
Telephone: 305-415-3384
Facsimile: 877-432-9652
Email: jnickerson@morganlewis.com
         jcanny@morganlewis.com


**Frank Christopher Simone, Esq.**
SHERMAN LAW OFFICES
1000 Corporate Drive, Suite 310
Fort Lauderdale , FL 33334
Telephone: 954-489-9500
Facsimile: 954-489-9531
Email: fcs@shermanlegal.com


**Gary William Pollack, Esq.**
GARY W. POLLACK, P.A.
1  S.W. 3rd Avenue, Suite 1260
Miami, Florida 33131
Telephone: (305) 373-9676
Facsimile: (305) 373-9679
E-mail: hopeylaw2112@gmail.com


**Franklin L. Zemel, Esq.**
ARNSTEIN AND LEHR LLP
200 East Las Olas Blvd. Suite 1700
Ft. Lauderdale, Florida 33301
Telephone:  (954) 713-7600
Facsimile:  (954) 713-7710
E-mail: flzemel@arnstein.com

8459312.3

5