UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  09-60202-CV-COHN

THE CONTINENTAL GROUP, INC.,

    Magistrate Judge Seltzer

    Plaintiff,

vs.

KW PROPERTY MANAGEMENT, LLC d/b/a KW
PROPERTY MANAGEMENT AND CONSULTING, LLC;
KW HOLDING ONE, LLC d/b/a KW PROPERTY
MANAGEMENT AND CONSULTING, LLC; THE GRAND
PRESERVE AT NAPLES LLC d/b/a KW PROPERTY
MANAGEMENT AND CONSULTING, LLC; and
MARCY KRAVIT,

    Defendants.
_____/

**ORDER DENYING KW'S MOTIONS TO MODIFY
OR RECONSIDER PRELIMINARY INJUNCTION
ORDER FOR POSTING OF PRELIMINARY INJUNCTION BOND**

THIS CAUSE is before the Court upon Defendant KW Property Management Inc.'s Motion to Dissolve or Modify Preliminary Injunction [DE 158], Defendant KW's Motion for Reconsideration or Rehearing [DE 157], Plaintiff's Opposition to these two Motions [DE 166], Defendant Marcy Kravit's Motion for Bond [DE 168] and Plaintiff's Response to the Motion for Bond [DE 171/174].  The Court has carefully considered the filings and is otherwise fully advised in the premises.

On April 22, 2009, this Court granted in part Plaintiff The Continental Group, Inc.'s ("Plaintiff" or "TCG") motion for preliminary injunction [DE 150].  The Court enjoined Defendant Marcy Kravit from working for Defendant KW Property Management, Inc. ("KW"), and also enjoined both Defendants from soliciting TCG's

clients or employees. KW terminated Kravit on April 24, 2009 as a result of the injunction. On May 21, 2009, this Court granted in part Defendants' Motions for Clarification, essentially modifying the injunction to reduce the scope of the solicitation ban as to KW [DE 164].

## I. MOTIONS TO MODIFY OR RECONSIDER INJUNCTION

The remaining relief sought by KW that was not addressed by the Court's prior order is the complete dissolution of the injunction on the grounds that KW terminated Marcy Kravit and is no longer aiding or abetting her violations of her non-compete and non-solicitation agreement with TCG. However, as the Court previously stated:

> the ban on solicitation as to KW (as opposed to Kravit), stems from the Court's intent for KW to disgorge any benefit that KW gained by hiring Kravit, an act the Court found on the preliminary injunction evidence to have tortiously interfered with the TCG-Kravit contract forbidding competition and solicitation. See Preliminary Injunction Order at pp. 32-33 [DE 150]. That disgorgement includes not employing Kravit or using the confidential information that Kravit brought to KW, but also the remedy of not being able to solicit Kravit's former clients.

The Court therefore concludes that KW's motions to modify, dissolve, or reconsider the preliminary injunction should be denied. The Court has narrowed the solicitation ban in its prior order and has clarified the scope of the injunction.[1]

---

[1] The Court is aware of Plaintiff's recent motion for clarification regarding the precise list of "TCG clients" that are included in the ban. The list depends upon the extent of the information received by KW from Kravit. Plaintiff asserts that it has not had full access to that information during the expedited discovery conducted prior to the preliminary injunction hearing. The Court notes that those issues will have to be worked out primarily between the parties, and if not, during discovery motion practice. The Court will separately set this case for trial at this time and the parties will begin the discovery process with a conference before Magistrate Judge Seltzer.

## II.  MOTION FOR BOND

The Court intended for Plaintiff to post a bond upon issuance of the injunction pursuant to Rule 65(c) of the Federal Rules of Civil Procedure but did not so specify in its preliminary injunction order.  Rule 65(c) states that the bond is to be used for the payment of such costs and damages as may be incurred by any party who is found to have been wrongfully enjoined or restrained.  Milan Exp., Inc. v. Averitt Exp., Inc., 208 F.3d 975, 978-79 (11th Cir. 2000).

In its clarification order of May 21, 2009, the Court directed a short briefing schedule regarding the amount of the bond.  Defendant Kravit now seeks a bond in the amount of $611,303.28.  This amount consists of $300,000 in attorney's fees, plus $135,000 per year of Kravit's salary with KW, plus certain amounts for particular benefits.  See Motion at p. 2 [DE 168].

In response to this motion, Plaintiff proposes only a $50,000 bond, as it argues that under Rule 65(c) only foreseeable and provable damages must be included.  TCG asserts that Kravit can seek other employment at a self-managed property, which must reduce the lost salary amount.  TCG also asserts that Kravit's salary under her contract was only $80,000, with a possible $5,000 bonus, and, that her attorney's fees were supposed to be paid by KW and should not be part of the injunction bond.

Upon a review of the record, the Court concludes that a bond in the amount of $150,000 is more than sufficient as to Defendant Marcy Kravit.  Kravit does stand to lose a significant portion of her salary over the twenty-month period of the injunction, particularly given the high unemployment rate at this time.  In addition, it is not clear

from her contract with KW whether she will receive any severance. On the other hand, the Court does not find it appropriate to include all of the purported attorney's fees into the bond amount.

### III. CONCLUSION

The Court notes that TCG and KW have agreed to postpone the Court's imposition of a bond as to KW.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant KW Property Management Inc.'s Motion to Dissolve or Modify Preliminary Injunction [DE 158] and Defendant KW's Motion for Reconsideration or Rehearing [DE 157] are hereby **DENIED**;

2. Defendant Marcy Kravit's Motion for Bond [DE 168] is hereby **GRANTED in part**, as described above;

3. Plaintiff shall post a bond in the amount of $150,000 by close of business (4:30pm) on June 12, 2009. The preliminary injunction shall remain in effect until further order of the court.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 2nd day of June, 2009.

_____
JAMES I. COHN
United States District Judge

Copies furnished to:
Joan Canny, Esq./Jason Nickerson, Esq.
Franklin Zemel, Esq.
Frank Simone, Esq.
Gary Pollack, Esq.