UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  09-60202-CV-COHN

THE CONTINENTAL GROUP, INC.,

    Magistrate Judge Seltzer
    Plaintiff,

vs.

KW PROPERTY MANAGEMENT, LLC d/b/a KW
PROPERTY MANAGEMENT AND CONSULTING, LLC
and MARCY KRAVIT,

    Defendants.
_____/

## STIPULATED PERMANENT INJUNCTION AS TO DEFENDANT MARCY KRAVIT AND AGREED FINAL JUDGMENT

**THIS CAUSE** having come before the Court on the Joint Motion by Plaintiff and Defendant Marcy Kravit for Entry of Permanent Injunction and Agreed Final Judgment as to Kravit [DE 351].  The Court having reviewed the Joint Motion and stipulated permanent injunction and the file, and being fully advised that, based on the Court's findings of fact and conclusions of law set forth in its earlier Order granting, *inter alia*, certain preliminary injunctive relief to Plaintiff against Defendant Kravit [DE 150] including that Plaintiff has shown substantial likelihood that it will prevail on the merits of its breach of contract and tortious interference claims in violation of the non-competition and non-solicitation restrictive covenant contract between Plaintiff and Kravit and that Kravit has provided Plaintiff's information to KW to tortiously interfere with that contract, and further including that Plaintiff has established the substantial

likelihood that it will prevail as to the existence of legitimate business interests upholding the restrictive covenants at issue.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Kravit is enjoined and restrained according to the terms of the preliminary injunction entered by the Court as to Kravit on April 22, 2009, DE 150, as subsequently clarified by order of May 21, 2009, DE 164, through and including December 11, 2010, except to the extent modified hereafter in paragraph 2;

2. As to Plaintiff's information in the possession, custody or control of Kravit or her agents (specifically including her attorneys and her computer forensic consultant), the Court's prior orders -- including its order requiring the preservation of and prohibiting the deletion of TCG information from computers and devices, DE 176, and its order regarding the return of Plaintiff's information to Plaintiff, DE 150 -- are modified as follows: in lieu of continued preservation of and the return to Plaintiff of Plaintiff's information, Defendant Kravit and agents shall destroy by physical means, within 7 days of this Order, the original and all copies of any papers containing any information obtained from Plaintiff, and the hard drives and other electronic storage devices containing any information from Plaintiff, in their possession, custody or control, but Kravit may retain her laptop computer without the hard drive and may copy and retain those specific personal files which have previously been provided to and agreed upon by Plaintiff, and may copy and

        retain personal photos and music so long as Kravit verifies under oath in writing along with written verification of the physical destruction of Plaintiff's information that the photos and music copied and retained by her do not include any information about Plaintiff or about Plaintiff's clients or customers during Kravit's employment with Plaintiff.

3. Plaintiff and Kravit agree that Plaintiff is a prevailing party in this action and is entitled to its reasonable attorney fees and costs pursuant to § 542.335(1)(k), Fla. Stat., to be provided by Kravit in the amount and in the manner agreed upon by the parties' in their confidential agreement regarding attorney's fees and costs.

4. Plaintiff and Kravit consent to the jurisdiction of this Court to enforce the terms of this Stipulated Permanent Injunction and the parties' confidential agreement regarding attorney's fees and costs.  In any proceeding to enforce the terms of this Stipulated Permanent Injunction and/or the confidential agreement regarding attorney's fees and costs, the prevailing party shall be entitled to its or their attorney's fees.  In any proceeding to enforce the terms of the confidential agreement regarding attorney's fees and costs, that confidential agreement may be filed under seal with the Court.

5. This Court shall retain jurisdiction over the subject matter and over Plaintiff and Defendant Kravit for purposes of (1) enforcing this Stipulated Permanent Injunction and the terms of the confidential agreement regarding attorney's

fees and costs, and (2) determining the amount of attorneys' fees and costs to be awarded in favor of the prevailing party and against the violating party in the event of any breach.  The Clerk may close this case and deny any pending motions as moot.

DONE AND ORDERED in chambers in Fort Lauderdale, Broward County, Florida,  this 14th day of April, 2010.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

cc:   All counsel of record